Thomas N. Millikan, Bar No. 234430
TMillikan@perkinscoie.com
Ashlee E. Sherman, Bar No. 348085
ASherman@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA  92130
Telephone: 858.720.5700
Facsimile: 858.720.5799

Gene W. Lee (Not Yet Admitted)
GLee@perkinscoie.com
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York NY 10036-2711
Telephone: 212.262.6900
Facsimile: 212.977.1649

*Attorneys for Plaintiff*
Securonix, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURONIX, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SPEECH TRANSCRIPTION, LLC,<br><br>　　　　　Defendant. | Case No. 3:25-cv-07099<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

# I. Introduction

1. This Complaint for declaratory judgment of noninfringement ("Declaratory Judgment Complaint") arises from a real and immediate controversy between Plaintiff Securonix, Inc. ("Securonix"), and Defendant Speech Transcription, LLC ("Speech Transcription"), as to whether Securonix infringes any claims of U.S. Patent 8,938,799 (the "'799 patent"; Exhibit 1), entitled, "Security Protection Apparatus and Method for Endpoint Computing Systems."

2. On May 8, 2025, Speech Transcription filed a new lawsuit in the Northern District of Texas (Dallas Division) asserting the '799 patent against Securonix.  On May 27, upon a motion to transfer filed by Speech Transcription, that action was transferred to the Eastern District of Texas (Sherman Division).  Under Federal Rule of Civil Procedure 4(m), Speech Transcription was required to serve the complaint on Securonix by August 6, 2025, but Speech Transcription failed to do so by that deadline.

3. In addition to Speech Transcription's lawsuit against Securonix, Speech Transcription has filed lawsuits asserting the '799 patent against 17 other defendants since May 2023.  To date, Speech Transcription's lawsuits against 14 of the defendants have been dismissed, without substantive litigation.  The four cases that remain pending were filed within the past four months.

4. Securonix believes that it does not infringe and has not infringed any claims of the '799 patent.

5. Speech Transcription's actions have created a real and immediate controversy between Speech Transcription and Securonix as to whether Securonix's products and/or services infringe any claims of the '799 patent.  The facts and allegations recited herein show that there is a real, immediate, and justiciable controversy concerning this issue.

# II. Parties

6. Plaintiff Securonix is a company incorporated under the laws of Delaware, with a place of business at 400 Concar Drive, San Mateo, California 94402.

7. Securonix is a leading cybersecurity company that delivers advanced threat detection and response solutions built on a cloud-native, AI-driven platform. Its product portfolio includes capabilities such as security information and event management (SIEM), user and entity behavior analytics (UEBA), security orchestration, automation and response (SOAR), and integrated threat intelligence. These solutions help organizations identify and respond to both insider and external threats in real time, using behavior-based analytics and machine learning.

8. Securonix has received numerous industry accolades recognizing innovation and leadership in cybersecurity. It has consistently been named a Leader in the Gartner Magic Quadrant for SIEM and has won the Gold and Silver marks by Cybersecurity Excellence Awards for SIEM, UBEA, and Cybersecurity. Securonix has also been recognized by CRN, One Planet Awards, and InfoSec Awards for its contributions to security analytics and cloud-native solutions. These awards reflect Securonix's commitment to pushing the boundaries of threat detection and enabling security teams to handle sophisticated attacks.

9. Based on information and belief, including Speech Transcription's complaints in multiple litigations, defendant Speech Transcription is a company incorporated under the laws of Wyoming, with its principal place of business at 1712 Pioneer Avenue, Suite 500, Cheyenne, Wyoming 82001.

10. Based on information and belief, including Speech Transcription's complaints in various districts, Speech Transcription is the owner of the '799 patent.

### III. JURISDICTION AND VENUE

11. This Declaratory Judgment Complaint includes a count for declaratory relief under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

12. Securonix seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202.

13. This Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202 because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202. Jurisdiction is also proper under 28 U.S.C.

§ 1332 because Securonix and Speech Transcription are citizens of different states, and the value of the controversy exceeds $75,000.

14. This Court can provide the declaratory relief sought in this Declaratory Judgment Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201. An actual case and controversy exists at least because Speech Transcription previously filed lawsuits against Securonix and other defendants alleging infringement of the '799 patent; and Securonix does not infringe and has not infringed any claims of the '799 patent.

15. This Court has personal jurisdiction over Speech Transcription because Speech Transcription has engaged in actions in this District that form the basis of Securonix's claims against Speech Transcription—namely, the prosecution of four patent infringement lawsuits in this District involving the '799 patent against SecPod Technologies, Inc. (23-cv-04196, filed Aug. 17, 2023); Sondrel, Inc. (23-cv-04199, filed Aug. 17, 2023); SentinelOne, Inc. (24-cv-01228, filed Dec. 29, 2023; transferred Feb. 29, 2024); and Stellar Cyber, Inc. (25-cv-05235; filed June 23, 2025). Speech Transcription's actions have created a real, live, immediate, and justiciable case or controversy between Speech Transcription and Securonix.

16. As a result of Speech Transcription's conduct described above, Speech Transcription has consciously and purposely directed allegations of infringement of the '799 patent at Securonix, a company that resides and operates in this District.

17. In doing so, Speech Transcription has established sufficient minimum contacts with the Northern District of California such that Speech Transcription is subject to specific personal jurisdiction in the Northern District of California. Further, the exercise of personal jurisdiction based on these repeated and highly-pertinent contacts does not offend traditional notions of fairness and substantial justice.

18. Venue is proper under this district under 28 U.S.C. §§ 1391 and 1400, including because, under Ninth and Federal Circuit law, venue in declaratory judgment actions for noninfringement of patents is determined under the general venue statute, 28 U.S.C. § 1391.

3

19. Under 28 U.S.C. § 1391(b)(1), venue is proper in any judicial district where a defendant resides. An entity with the capacity to sue and be sued, such as Speech Transcription, is deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question under 28 U.S.C. § 1391(c).

20. As discussed above, Speech Transcription is subject to personal jurisdiction with respect to this action in the Northern District of California, and thus, for the purposes of this action, Speech Transcription resides in the Northern District of California and venue is proper under 28 U.S.C. § 1391.

### IV. FACTUAL BACKGROUND

**A.  Speech Transcription's Texas Lawsuit Against Securonix**

21. On May 8, 2025, Speech Transcription filed a lawsuit in the Northern District of Texas against Securonix alleging infringement of the '799 patent. Case No. 25-cv-01165 (N.D. Tex.). On that same day, the court issued a proposed summons to Selectronix, Inc.

22. On May 27, 2025, Speech Transcription filed a Motion to Transfer the case to the Eastern District of Texas, which the Northern District of Texas granted the same day. Specifically, Speech Transcription stated that transferring the case would allow it to "request an updated summons issued by the Eastern District of Texas, which summons can be served on the Defendant." The case was transferred into the Eastern District of Texas on the same day. Case No. 25-cv-00557 (E.D. Texas).

23. Under Federal Rule of Civil Procedure 4(m), Speech Transcription was required to serve the complaint on Securonix by August 6, 2025, but Speech Transcription failed to do so by that deadline.

24. As of the filing of this declaratory judgment complaint by Securonix, Speech Transcription still has neither served the complaint nor sought an extension from the court effect service.

B. **Speech Transcription's Litigation Campaign**

25. To date, Speech Transcription has filed lawsuits alleging infringement of the '799 patent against 18 defendants. To date, Speech Transcription's lawsuits against 14 of the defendants have been dismissed, without substantive litigation:

| Case | Date Filed | Status |
| --- | --- | --- |
| Speech Transcription, LLC v. Cisco Systems, Inc., 6-23-cv-00376 (WDTX) | May 16, 2023 | Dismissed |
| Speech Transcription, LLC v. Oracle Corporation, 6-23-cv-00377 (WDTX) | May 16, 2023 | Dismissed |
| Speech Transcription LLC v. Huawei Technologies Co. Ltd., 3-23-cv-01155 (NDTX) | May 18, 2023 | Dismissed |
| Speech Transcription, LLC v. Sophos, Ltd., 3-23-cv-01520 (NDTX) | July 7, 2023 | Dismissed |
| Speech Transcription, LLC v. VMware, Inc., 1-23-cv-00771 (WDTX) | July 7, 2023 | Dismissed |
| Speech Transcription, LLC v. SecPod Technologies, Inc., 5-23-cv-04196 (NDCA) | August 17, 2023 | Dismissed |
| Speech Transcription, LLC v. Sondrel, Inc., 3-23-cv-04199 (NDCA) | August 17, 2023 | Dismissed |
| Speech Transcription, LLC v. ESET, LLC, 3-23-cv-01520 (SDCA) | August 17, 2023 | Dismissed |
| Speech Transcription, LLC v. Qualcomm, Inc., 2-23-cv-00516 (EDTX) | November 8, 2023 | Dismissed |
| Speech Transcription, LLC v. Exabeam, Inc., 2-23-cv-00605 (EDTX) | December 15, 2023 | Dismissed |
| Speech Transcription, LLC v. Vectra AI, Inc., 1-23-cv-01528 (WDTX) | December 15, 2023 | Dismissed |
| Speech Transcription, LLC v. Netsurion, LLC, 0-23-cv-62421 (SDFL) | December 29, 2023 | Dismissed |

| Case | Date Filed | Status |
|---|---|---|
| Speech Transcription, LLC v. SentinelOne, Inc., 0-23-cv-62432 (SDFL) 3-24-cv-01228 (NDCA) | December 29, 2023; transferred February 29, 2024 | Dismissed |
| Speech Transcription, LLC v. NinjaOne, LLC, 1-24-cv-00885 (WDTX) | August 6, 2024 | Dismissed |
| Speech Transcription, LLC v. Portnox Security, LLC, 1-25-cv-00629 (WDTX) | April 29, 2025 | Pending |
| Speech Transcription, LLC v. Selectronix, Inc., 3-25-cv-01165 (NDTX) 4-25-cv-00557 (EDTX)  This is the lawsuit against Securonix. The caption incorrectly refers to "Selectronix, Inc." as the defendant because Speech Transcription incorrectly populated the summons. | May 8, 2025; transferred May 27, 2025 | Service of complaint did not occur by the deadline |
| Speech Transcription, LLC v. Cybereason Inc., 3-25-cv-01589 (SDCA) | June 22, 2025 | Pending |
| Speech Transcription, LLC v. Stellar Cyber Inc., 3-25-cv-05235 (NDCA) | June 23, 2025 | Pending |

26.     Speech Transcription's lawsuits are similar.  All of the cases involve allegations that the '799 patent is infringed.  In Securonix's case and the majority of other lawsuits, Speech Transcription's complaints have alleged infringement of claim 14 of the '799 patent, and the remaining cases allege infringement of similar claims of the '799 patent.  Furthermore, the accused instrumentalities in Speech Transcription's lawsuits are similar to Securonix's accused products and services—for example, products involving security management.

27.     Securonix believes that it does not infringe and has not infringed any claims of the '799 patent.

**FIRST CLAIM FOR RELIEF**
(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '799 PATENT BY SECURONIX)

28. The facts and allegations contained in the preceding paragraphs are incorporated by reference herein.

29. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Securonix, on the one hand, and Speech Transcription, on the other, regarding whether Securonix's products and services infringe any claims of the '799 patent.

30. For example, an actual case and controversy exists at least because Speech Transcription previously filed lawsuits against Securonix and other defendants alleging infringement of the '799 patent, and Securonix believes that it does not infringe and has not infringed any claims of the '799 patent.

31. Securonix does not infringe and has not infringed any claims of the '799 patent because, for example, no Securonix product or service meets or embodies the limitation of "a security subsystem configurable between a network and a host of an endpoint," "the security subsystem comprising computing resources," or "an open platform for receiving and executing security function software modules from multiple vendors for providing defense functions for protection from the host."

32. In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between Securonix, on the one hand, and Speech Transcription, on the other, regarding whether Securonix's products and services infringe any claims of the '799 patent.

33. Securonix is entitled to a judgment declaring that no Securonix products or services infringe the '799 patent.

**PRAYER FOR RELIEF**

Securonix respectfully requests that this Court enter judgment against Speech Transcription as follows:

A. A declaration that the Securonix products and services do not infringe any claims

7

of the '799 patent;

    B.    For attorneys' fees and costs;

    C.    Such other and further relief as this Court or a jury may deem just and proper.

DATED: August 21, 2025

**PERKINS COIE LLP**

By: */s/ Thomas N. Millikan*
     Thomas N. Millikan
     Gene Lee
     Ashlee E. Sherman

*Attorneys for Plaintiff Securonix, Inc.*